UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ALLEN DAVID DANIEL,

        Plaintiff,

v.                                                      CASE NO. 08-11000
                                                      HONORABLE GEORGE CARAM STEEH

PAT CARUSO, *et al*.,

        Defendants.
_____/

## ORDER OF DISMISSAL

      Plaintiff Allen David Daniel is a state prisoner at Marquette Branch Prison in Marquette, Michigan. He has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. The defendants are: an optical lab in Jackson, Michigan; Patricia Caruso, who is the Director of the Michigan Department of Corrections; and 158 other individuals employed by the Michigan Department of Corrections.

      The complaint and attached affidavits allege that the defendants impeded Plaintiff's access to the courts; fabricated misconduct tickets; tried to murder him; stole his incoming mail and confiscated his outgoing legal mail; did not feed him for more than forty-four days; put razors, staples, and toxic chemicals in his food; closed a cell door on his spinal cord; destroyed his legal records; took his personal property; interfered with his direct appeal, causing his claims to be barred and defaulted in state and federal court; struck him in the eye; threw chemicals on him and turned off the water so that he could not rinse off the chemicals; closed the cell slot on his hand; repeatedly retaliated against him; and refused permission to visit the law library and to copy legal exhibits. Plaintiff seeks a full investigation and other injunctive relief.

To successfully establish a *prima facie* case under § 1983, a civil rights plaintiff must prove that the defendants acted under color of state law and deprived the plaintiff of rights secured by federal law. *Block v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). When, as here, a prisoner has been granted leave to proceed without prepayment of the filing fee, his civil rights complaint against a governmental entity, officer, or employee may be dismissed in whole or in part if it (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A).

A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to allege grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, __, 127 S. Ct. 1955, 1964-65 (2007) (internal and end citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (internal and end citations and footnote omitted).

"[D]amage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what *each* defendant did to violate the asserted right." *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002) (emphasis in original).

2

Allegations that are merely conclusory and lack factual specificity fail to state a claim. *Davis v. Mich. Dep't of Corr.*, 746 F. Supp. 662, 667 (E.D. Mich. 1990) (Zatkoff, J.) (citing *Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971)).

Plaintiff has not shown what each of the dozens of defendants named in the complaint did to deprive him of a federal constitutional right, privilege, or immunity. The facts as alleged in the complaint and in the hundreds of pages of exhibits that Plaintiff has filed are not enough to establish a right to relief above the speculative level. The Court cannot begin to speculate each defendant's role in the alleged violations of law. Although Plaintiff is not represented by counsel, his "*pro se* status does not excuse him from making specific factual allegations." *Id.* (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Therefore, the complaint is summarily dismissed as frivolous and for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A). An appeal from this order would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

Dated: April 10, 2008

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 10, 2008, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk